United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40271
c/w No. 04-40279
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BIRULA-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-820-ALL
USDC No. 1:04-CR-61-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Juan Birula-Hernandez appeals his guilty-plea conviction and

sentence for being found illegally present in the United States

after deportation. He argues, pursuant to <u>Apprendi v. New

Jersey</u>, 530 U.S. 466 (2000), that the "felony" and "aggravated

felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements

of the offense, not sentence enhancements, making those

provisions unconstitutional. He concedes that this argument is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by <u>Almendarez-Torres</u>, 523 U.S. at 235. We must follow the precedent set forth in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000)(internal quotation and citation omitted).

Birula does not brief any argument concerning how or why any potential reduction in his sentence for the 8 U.S.C. § 1326 conviction would have any bearing on the sentence the district court imposed upon revocation of his supervised release for his prior illegal-reentry conviction. He has therefore abandoned his appeal from the revocation of his supervised release. <u>United States v. Valdiosera-Godinez</u>, 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.