**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40271
c/w No. 04-40279
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN BIRULA-HERNANDEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-820-ALL
USDC No. 1:04-CR-61-ALL
- - - - - - - - - -

Before JONES Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1]   At our request, the parties have submitted supplemental letter briefs addressing the impact of Booker.   For the following reasons, we find that Booker does not affect Defendant-Appellant Juan Birula-Hernandez's sentence.

---

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  543 U.S. ––, 125 S. Ct. 738 (2005).

# I. BACKGROUND

In October 2003, Birula-Hernandez pleaded guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326. The presentence report (PSR) calculated a total offense level of 13. This, combined with a criminal history category of V, resulted in a Guidelines imprisonment range of 30 to 37 months. The statutory maximum sentence under 8 U.S.C. § 1326(a) was only 24 months, however, and the PSR, pursuant to USSG § 5G1.1(a),[2] adopted the statutory maximum as the Guidelines range. In February 2004, the district court accepted the PSR's recommendations and sentenced Birula-Hernandez to 24 months' imprisonment to be followed by one year of supervised release.

On appeal, Birula-Hernandez challenged the constitutionality of the illegal reentry statute but conceded that his claim was foreclosed by precedent. Additionally, Blakely[3] was decided during the pendency of the appeal, and Birula-Hernandez cited that decision as an alternative ground for reversal. We affirmed the conviction and sentence in an unpublished opinion.[4] Birula-Hernandez then petitioned the United States Supreme Court for a writ of certiorari, and while his petition was pending the Supreme

---

[2] USSG § 5G1.1(a) provides: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

[3] Blakely v. Washington, 542 U.S. 296 (2004).

[4] United States v. Birula-Hernandez, No. 04-40271, c/w No. 04-40279, 111 Fed. Appx. 334 (5th Cir. Oct. 21, 2004) (unpublished opinion).

Court issued its decision in <u>Booker</u>.  Birula-Hernandez amended his petition to include a <u>Booker</u> argument and, as noted above, the Supreme Court vacated the judgment and remanded to us for reconsideration.

## II.  DISCUSSION

### A.  Standard of Review

Birula-Hernandez raised his <u>Booker</u> claim for the first time on appeal.  Therefore, we review for plain error.[5]  This means that we will not remand for resentencing unless there is (1) error, (2) that is plain, and (3) that affects substantial rights.[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]

Since <u>Booker</u>, sentencing under mandatory Guidelines constitutes (1) error (2) that is plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof.  He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability

---

[5] <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005).

[6] <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

[7] <u>Id.</u>

[8] <u>Mares</u>, 402 F.3d at 521.

[9] <u>Id.</u> (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

3

when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B. Merits

Birula-Hernandez satisfies the first two prongs of our plain error review because his sentence resulted from application of the Guidelines in their mandatory form. He has not, however, met his burden of showing that this error affected his substantial rights, as required under Mares. Indeed, in his supplemental letter brief Birula-Hernandez concedes that "[b]ased on the current record ... [he] admittedly cannot make such a showing of prejudice." He further expresses disagreement with the application of the plain error standard to his case, but acknowledges that his challenge is precluded by our holding in Mares. He makes his argument only to preserve it for further review. Birula-Hernandez also acknowledges in his supplemental letter brief that his other arguments, that Booker error is "structural" and presumptively prejudicial, are likewise foreclosed by precedent.[11] Mares is the settled law of this circuit, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it. As Birula-Hernandez presents no viable ground for remand under Mares, we affirm his sentence.

---

[10] Id. at 522.

[11] See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Arnold, 416 F.3d 349, 2005 WL 1546254 at *9 n.23 (5th Cir. 2005).

## III. CONCLUSION

Birula-Hernandez has failed to satisfy his burden of demonstrating that the plain error at his sentencing affected his substantial rights. His sentence is
AFFIRMED.